R. R. Rivera Correa, peticionario, *v.* Corte de Distrito de San Juan, demandada.

Núm. 1236.—*Sometido:* Febrero 24, 1941. *Resuelto:* Marzo 28, 1941.

R. R. *Rivera Correa, pro se;* la demandada no compareció.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

La cuestión a decidir en este caso es la de si en Puerto Rico puede celebrarse un matrimonio ante un notario. Fué planteada ante la Corte de Distrito de San Juan y resuelta en la negativa. Se acudió entonces en *certiorari* ante esta Corte Suprema. No se expidió el auto, pero el peticionario fué oído ampliamente sobre la procedencia del recurso y sobre sus méritos.

Aceptando sin resolverlo que el recurso interpuesto sea adecuado para traer el asunto al tribunal, creemos que no erró la corte de distrito al decidir que los notarios no están autorizados por ley para celebrar matrimonios.

La cuestión se originó como sigue. En diciembre 10, 1940, el peticionario, un abogado y notario, por escritura pública, autorizó la celebración ante él como notario de un matrimonio y presentó copia de la escritura, acompañada de la declaración jurada de los contrayentes que requiere la ley, al Registrador Demográfico de Loíza para su inscripción en el registro civil a su cargo. Se negó el registrador. El peticionario pidió contra él en la corte de distrito un auto de *mandamus*. La corte negó su expedición.

Sostiene el peticionario que siendo el matrimonio un contrato (art. 68 Código Civil, ed. 1930) y siendo el notario el único funcionario autorizado para dar autenticidad a los

contratos y demás actos extrajudiciales que ante su presencia se realicen (sec. 1, Ley Notarial, Leyes 1906, pág. 141), el notario, al igual que las otras personas que menciona la ley, está autorizado para la celebración de matrimonios que los encargados del registro civil están obligados a inscribir.

Del matrimonio trata el título tercero del libro primero del Código Civil. Dice el artículo 68, ed. 1930, que forma por sí solo el capítulo primero del título:

"Artículo 68.—El matrimonio es una institución civil que procede de un contrato civil en virtud del cual un hombre y una mujer, se obligan mutuamente a ser esposo y esposa, y a cumplir el uno para con el otro los deberes que la ley les impone. Será válido solamente cuando se celebre y solemnice con arreglo a las prescripciones de aquélla, y sólo podrá disolverse antes de la muerte de cualquiera de los dos cónyuges, en los casos expresamente previstos en este código."

Seguidamente se establecen los requisitos necesarios para contraerlo, a saber: 1, la capacidad legal de los contratantes; 2, el consentimiento de las partes contratantes; y 3, la autorización y celebración de un contrato matrimonial mediante las formas y solemnidades previstas por la ley.

Y al regular el requisito tercero, el artículo 75 ordena que:

"Artículo 75.—Todos los sacerdotes u otros ministros del evangelio, debidamente autorizados u ordenados, rabinos hebreos, y los jueces del tribunal supremo, jueces de distrito o municipales, el juez de la corte de distrito de los Estados Unidos para Puerto Rico y los jueces de paz, pueden celebrar los ritos de matrimonio entre todas las personas legalmente autorizadas para contraerlo."

Comenzando el siguiente artículo por prescribir que "toda persona, deseosa de contraer matrimonio, acudirá a cualquiera de las personas autorizadas para celebrarlo en el artículo anterior."

No es, pues, el matrimonio un simple contrato civil si que *una institución civil que procede de un contrato civil, siendo válido solamente cuando se celebra y solemniza con arreglo*

*a las prescripciones de ley,* una de las cuales consiste en que el que desee contraerlo acuda *ante alguna de las personas expresamente autorizadas para celebrar sus ritos,* entre cuyas personas no se encuentra el notario.

La cuestión nos parece tan clara y se halla resuelta de modo tan terminante por la ley, que no ofrece dudas de ningún género. Si hemos decidido resolverla argumentándola es para despejar la nube que parece haber surgido a virtud del caso del peticionario que podría inducir a actuaciones semejantes en perjuicio de los ciudadanos en general.

Tiene sí su campo de acción el notario—y bien amplio por cierto—en relación con el matrimonio. La institución procede de un contrato y al regular el legislador éstos en el libro cuarto del Código Civil dedica al "Contrato sobre bienes con ocasión del matrimonio" todo el título tercero que comprende cinco capítulos—artículos 1267 al 1333—el primero de los cuales comienza conectándose y requiriendo los servicios del notario aun antes de la celebración al prescribir que "los que se unan en matrimonio podrán otorgar sus capitulaciones antes de celebrarlo, estipulando las condiciones de la sociedad conyugal relativamente a los bienes presentes y futuros, sin otras limitaciones que las señaladas en este código." Y así en muchos otros.

Pero la celebración de los ritos del matrimonio, su solemnidad, no fué encomendada por el legislador al notario, si que a otras personas que expresamente nombra: a los sacerdotes u otros ministros del evangelio y a los rabinos hebreos, siguiendo la tradición y la realidad actual religiosa, y a los jueces del tribunal supremo, de distrito, municipales y de paz y al juez de distrito de los Estados Unidos para Puerto Rico, siguiendo la tendencia moderna, tomando en consideración la realidad de que no todos los ciudadanos consideran el matrimonio conectado con la religión.

*Debe declararse no haber lugar a expedir el auto que se solicita.*