EDELMIRO MARTÍNEZ RIVERA, demandante y recurrido, *v.* HON. VÍCTOR RAFAEL TORO, JUEZ DE LA SALA DE INVESTIGACIONES DEL TRIBUNAL DE DISTRITO, SALA DE SAN JUAN, demandado y recurrente.

*Número:* R-70-180 *Resuelto:* 10 de diciembre de 1971

*Gilberto Gierbolini, Procurador General, Juan José Ríos Martínez y Ruth Tentori de Lebrón-Velázquez, Procuradores Generales Auxiliares,* abogados del recurrente; *J. L. Biamón Sánchez,* abogado del recurrido.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

El Hon. Víctor Rafael Toro, actuando como juez de la Sala de Investigaciones del Tribunal de Distrito de San Juan, se negó a admitir y aceptar documentos de fianzas

otorgadas por la Compañía de Fianzas de Puerto Rico en casos criminales, juramentados y suscritos dichos documentos ante el notario Edelmiro Martínez Rivera.

Alegando que el referido juez voluntaria e intencionalmente y sin causa válida alguna le estaba entorpeciendo, estorbando e impidiendo ejercer el notariado en el otorgamiento de los expresados documentos de fianza, el notario Sr. Martínez Rivera interpuso acción de *injunction* contra el juez ante la Sala de San Juan del Tribunal Superior.

Luego de los trámites de rigor dicho Tribunal Superior dictó sentencia declarando con lugar la demanda de *Injunction* y ordenó al demandado "que proceda a admitir las fianzas de la 'Compañía de Fianzas de Puerto Rico' así como la de cualquiera otra compañía de seguros que autoricen fianzas ante un notario público y asimismo que cese y desista de su actuación de no admitir fianzas de compañías de aseguradores autorizadas para hacer negocios en Puerto Rico, suscrita ante notario público."

Acordamos revisar esa sentencia.

Independientemente de si procede un *injunction* para impedir la actuación del Juez de Distrito, a tenor con lo dispuesto en el Art. 678 del Código de Enjuiciamiento Civil (32 L.P.R.A. sec. 3524), y de que la orden de *injunction* se hiciera extensiva expresamente a otras compañías de seguro que no fueron parte en el pleito, la sentencia del Tribunal Superior es errónea y debe ser revocada.

El Tribunal Superior entendió que existe una aparente contradicción entre las Reglas 220 y 221 de las de Procedimiento Criminal pero que ambas reglas podían armonizarse en virtud del Art. 22.020 (26 L.P.R.A. sec. 2202) del Código de Seguros. Así mismo entendió que el no permitir que las fianzas rechazadas por el Juez de Distrito sean suscritas o reconocidas ante notario público implicaría el eliminar la fe notarial dejando sin efecto las disposiciones de la Ley Notarial. Estos fundamentos de sus fallos son erróneos.

Las aludidas Reglas disponen:

"REGLA 220. FIANZA; REQUISITOS DE LOS FIADORES

Toda fianza será suscrita, o reconocida, ante un magistrado o secretario, según corresponda, bien por una compañía autorizada para prestar fianzas en Puerto Rico, bien por un fiador residente en Puerto Rico que posea bienes inmuebles en Puerto Rico no exentos de ejecución por un valor igual al monto de la fianza, luego de deducido el total de los gravámenes que pesen sobre dichos bienes, excepto que el magistrado o secretario ante quien se prestare la fianza podrá permitir a más de un fiador que se obliguen separadamente por sumas inferiores siempre que el total de las obligaciones individuales equivalga a dos veces el monto de dicha fianza. Dondequiera que en estas reglas se utilice el término 'fiadores' se entenderá que lee 'fiador o fiadores'. (Suplemento Acumulativo, págs. 94, 95.)

REGLA 221. FIANZA; FIADORES; COMPROBACION
DE REQUISITOS

Los fiadores que no fueren compañías autorizadas para prestar fianzas en Puerto Rico, en todo caso justificarán bajo juramento, ante el magistrado o secretario que admitiere la fianza, que reúnen las condiciones que exige la regla que precede. El magistrado o secretario podrán, además, examinar a los fiadores bajo juramento acerca de su responsabilidad, en la forma que estimaren oportuna." (Reglas de Procedimiento Criminal, tomo 2, pág. 231.)

■ La letra de la Regla 220 es clara y está libre de toda ambigüedad en cuanto a que las fianzas prestadas por compañías autorizadas para prestar fianzas en Puerto Rico deben ser suscritas o reconocidas ante un magistrado o secretario, según corresponda, y no ante un notario.

La fianza prestada por un fiador residente en Puerto Rico deberá igualmente ser suscrita o reconocida ante los indicados funcionarios judiciales. De suerte que el requisito de que la fianza sea suscrita o reconocida ante un magistrado o secretario es igualmente aplicable por disposición expresa de la Regla

220, tanto a las fianzas prestadas por fiadores personales como a las prestadas por compañías autorizadas a prestar fianzas en Puerto Rico.

La Regla 221, no exige a las compañías autorizadas para prestar fianzas en Puerto Rico, que justifiquen bajo juramento, como deben hacerlo los fiadores personales, y por razones obvias, que reúnen las condiciones que exige la Regla 220 en cuanto a los bienes inmuebles que poseen y acerca de su responsabilidad.

Autorizada una compañía para prestar fianzas en Puerto Rico, su responsabilidad para ser fiadora ha sido previamente determinada conforme a las disposiciones del Código de Seguros de Puerto Rico. Por eso, en circunstancias normales, es innecesario que la compañía justifique ante el magistrado o secretario su responsabilidad y cualificación para servir de fiadora a un acusado de delito. De suerte que las Reglas 220 y 221 son perfectamente armonizables, sin necesidad de recurrir, como lo hizo el tribunal sentenciador, al Art. 22.020 (26 L.P.R.A. sec. 2202) del citado Código de Seguro, cuya pertinencia al problema planteado, no alcanzamos a comprender. (¹)

 Es cierto que la Ley Notarial dispone que el notario es el único funcionario autorizado para dar fe y autenticidad, conforme a las leyes, a los contratos y demás actos extrajudiciales que ante su presencia se realicen. (4 L.P.R.A. sec. 1001.) Con la propia excepción señalada en la ley, solamente

---

(¹) El Art. 22.020 del Código de Seguros dispone:

"Siempre que por ley o por decisión de un tribunal, funcionario público o entidad pública se exija o se permita prestar una fianza, garantía, promesa, obligación, estipulación o cédula, dicha fianza, garantía, promesa, obligación, estipulación o cédula, que en otros respectos sea apropiada y las condiciones de la cual están garantizadas por un asegurador de garantía autorizado, o por un asegurador de garantía no autorizado, como seguro excedente de acuerdo con el capítulo 10, *se aceptará y se considerará que llena todos los requisitos* en cuanto a número de garantizadores, residencia, estado legal de los garantizadores y otros análogos." (Bastardillas nuestras.) (26 L.P.R.A. sec. 2202).

los notarios podrán autorizar declaraciones juradas cuando se refieren a hechos, actos o contratos de mero interés particular. Ley de marzo 12 de 1908, según enmendada. (4 L.P.R.A. sec. 890.) El juramento que prestan los fiadores en un documento de fianza en cualquier procedimiento criminal, no es de mero interés particular, sino que por el contrario, está revestido de interés público. No se discute la facultad de la Legislatura para disponer mediante ley o regla, que determinados actos se autentiquen ante otros funcionarios, y no ante el notario. Eso fue lo que hizo mediante la aprobación de la Regla 220 de Procedimiento Criminal. Ello no implica que se esté privando al notario del ejercicio de sus funciones como tal. El notario ha sido ya excluido de tomar juramento en otros actos. Véanse, Arts. 75 y 76 del Código Civil (31 L.P.R.A. secs. 243 y 244); *Rivera v. Corte*, 58 D.P.R. 351 (1941).

Por los motivos expuestos *se revocará la sentencia dictada por el Tribunal Superior, Sala de San Juan, en 19 de mayo de 1970, y se dictará otra declarando sin lugar la demanda de injunction.*

El Juez Presidente, Señor Negrón Fernández, y los Jueces Asociados, Señores Hernández Matos y Rigau, no intervinieron.